**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert M. WARNER,
Defendant–Appellant.**

**No. 85–2698.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 30, 1987.

Decided Aug. 10, 1988.

Melvin Avanzado, Law Student, Legal Aid and Defender Assoc. Notre Dame Law School, Notre Dame, Ind., for defendant-appellant.

Robert Parnish, Jr., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.

MANION, Circuit Judge.

Robert Warner's propensity for finding himself at odds with the Internal Revenue Service has again brought him before this court. See *United States v. Warner*, 830 F.2d 651 (7th Cir.1987). The present case involves the United States' attempt to collect various employment taxes that Warner owed for the years 1970–71. During those years, Warner owned three gas stations in Moline, Illinois. Warner employed a number of people at the three stations, and paid them for their services. However, Warner did not always withhold taxes from those workers' wages as required by law.

The government sued Warner, seeking to reduce various tax assessments to judgment. The government alleged that Warner owed withholding, social security (FICA), and federal unemployment (FUTA) taxes for the years 1970–71. See 26 U.S.C. §§ 3101–02 (FICA), 3301 (FUTA), and 3402 (withholding). The government also alleged that Warner owed penalties and interest for failing to file his employment tax returns on time. See 26 U.S.C. § 6651(a) (penalty for late filing). (Before the trial the government dropped a claim against Warner seeking personal income taxes for 1971, conceding that Warner had paid the assessment for those taxes.) After a jury trial, the district court entered judgment for the government on the jury's verdict for $28,728.73 plus post-judgment interest and costs: $14,140.93 represented taxes due, $12,273.52 represented prejudgment interest, and $2,314.28 represented penalties. Warner appeals from that judgment.

The taxes Warner allegedly owed were only due if the people who worked at his gas stations were employees. See 26 U.S. C. §§ 3101–02, 3301, and 3402. Warner asserted at trial that his workers were independent contractors and not employees. Warner also asserted at trial that he was not liable for any late filing penalty because his failing to file resulted from reasonable cause and not from willful neglect. See 26 U.S.C. § 6651(a). The jury specifically found that all of Warner's workers

were employees. The jury also specifically found that Warner did not have reasonable cause for failing to file his employment tax returns and that Warner's failing to file was due to willful neglect.

■ Warner contends that there was insufficient evidence for the jury to have found that his workers were employees or that his failing to file resulted from reasonable cause and did not result from willful neglect. But Warner did not move for a directed verdict on either the employee or reasonable cause issues. In fact, in opposing the government's motions for directed verdict on those issues, Warner's trial counsel stated to the court that both those issues were jury questions. Since Warner did not move for a directed verdict in the district court, he may not challenge the sufficiency of the evidence on appeal. *Thronson v. Meisels*, 800 F.2d 136, 139 (7th Cir.1986); *Rogers v. ACF Industries, Inc.*, 774 F.2d 814, 818 (7th Cir.1985); *Berman v. Palatine Insurance Co.*, 379 F.2d 371, 372–74 (7th Cir.1967); *see also* 5A J. Moore, *Moore's Federal Practice* § 50.05[1], at 50–45 to 50–47 (1987); 9 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2536 at 593 (1971). Although a limited exception to this general rule may exist where "manifest injustice" would otherwise result, *see Thronson*, 800 F.2d at 139–40, that exception does not apply here. Our review of the record leads us to agree with counsel's assessment that the employee and reasonable cause issues were both jury questions.

■ Warner also contends that the district court erred by refusing to give his instruction regarding the burden of proof as to the amount of the government's tax assessment. Generally, the IRS's deficiency determination is presumed correct; the taxpayer must prove it is wrong. *See Pfluger v. Commissioner*, 840 F.2d 1379, 1382 (7th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 2906, 101 L.Ed.2d 938 (1988); *see also Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir.1987). Warner, however, claims that because he showed that some of his workers had paid their own income taxes, he had shown that the government's assessment was excessive. Citing *Miller v. United States*, 296 F.2d 457, 460 (7th Cir. 1961), Warner submitted a proposed instruction that would have informed the jury that once he had shown the government's assessment to be excessive, the burden would shift to the government to show the amount of any deficiency that existed.

The government responded to Warner's proffered burden-shifting instruction by proposing to abate the total assessment by the amount attributable to the wages of the four employees who had testified to paying their own income taxes. The district court found this to be a reasonable position, and thus refused to give Warner's burden-shifting instruction. Warner's counsel did not object to the district court's refusal to give his instruction. Instead, Warner's counsel indicated that in light of the government's concession and the district court's ruling on abatement, it was unnecessary for the jury to consider the assessment's accuracy.

■ Warner may not now resurrect his burden of proof argument on appeal. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto...." Fed.R.Civ.P. 51; *see Spanish Action Committee of Chicago v. Chicago*, 766 F.2d 315, 318–19 (7th Cir. 1985); *see also United States v. Watson*, 623 F.2d 1198, 1203–04 (7th Cir.1980) (discussing the similar objection requirement of Fed.R.Crim.P. 30).

At oral argument, Warner's appellate counsel suggested that Warner refrained from objecting so as not to incur the wrath of the trial judge, who had stated he did not want to discuss the burden of proof issue further. This does not excuse a failure to object. Counsel has a " 'duty to object, and even at the risk of incurring the displeasure of the trial court, to insist upon his objection.' " *Sadowski v. Bombardier Ltd.*, 539 F.2d 615, 623 n. 7 (7th Cir.1976) (quoting *Phillips v. Kitt*, 290 F.2d 377, 378 (D.C. Cir.1961)). Nothing in the record indicates that an objection to the trial judge's refusal to give the burden of proof instruction would have prejudiced the judge against Warner.

In any event, trial counsel's decision to throw in the towel on the burden of proof issue was not ill-advised. Warner's challenge to the assessment's accuracy was directed at showing that his employees had paid their own taxes, thus relieving him of liability for unpaid withholding taxes. The government agreed to abate the assessment by the amount of taxes attributable to the four employees who testified to paying their own taxes. However, those employees' testimony did not affect the remainder of the assessment's validity. There was not sufficient evidence for the jury to find that the others had paid their own taxes. Therefore, there was no substantial challenge to the assessment's accuracy, so the presumption of the assessment's validity remained intact, and the burden of proof instruction was unnecessary.

For the reasons stated above, the district court's judgment is

AFFIRMED.