**LOCAL 322, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL–CIO, Plaintiff–Appellant,**

v.

**JOHNSON CONTROLS, INC., GLOBE BATTERY DIVISION, Defendant–Appellee.**

No. 91–2868.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1992.

Decided July 16, 1992.

Kenneth R. Loebel (argued), Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, Wis., for plaintiff-appellant.

Susan R. Maisa (argued), Stanley S. Jaspan, Anita M. Sorensen, Foley & Lardner, Milwaukee, Wis., for defendant-appellee.

Before FLAUM, EASTERBROOK and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Like the guest who would not leave, Local 322 of the Allied Industrial Workers has overstayed its welcome in this Court. The present appeal is Local 322's second in this case, and its third overall on the facts underlying this action. Here, it challenges the district court's denial of its motion to vacate judgment under Fed.R.Civ.P. 60(b). We affirm.

In March 1985, Local 322 filed this suit against Johnson Controls, alleging that the company's fetal protection policy violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000-e17. At that time, a similar action brought by the United Automobile, Aerospace and Agricultural Implements Workers of America (UAW) against the same defendant was pending before the same district judge. *See International Union, UAW v. Johnson Controls, Inc.*, 680 F.Supp. 309 (E.D.Wis.1988). Local 322 sought, unsuccessfully, to intervene in the UAW's case in the district court. Ultimately, the district court granted summary judgment to Johnson Controls, and the UAW appealed to this Court. Local 322 then moved to intervene in the UAW appeal "with full rights as parties," including "the right to file briefs and to be heard on oral argument." We granted the motion. In light of our action, the district court stayed the Local 322 proceedings below.

In September 1989 we affirmed the district court's decision in favor of Johnson Controls. *International Union, UAW v. Johnson Controls, Inc.*, 886 F.2d 871 (7th Cir.1989) (*en banc*). The UAW and related parties sought certiorari in the Supreme Court. Local 322 did not, choosing instead to pursue its action back in the district court. There, the stay lifted, the district court granted Johnson Controls' motion to dismiss, *Local 322, Allied Indus. Workers v. Johnson Controls, Inc.*, No. 85-C-409 (E.D.Wis. Jan. 23, 1990), holding that Local 322 had achieved full party status by its intervention in the UAW's appellate proceedings and, as such, was bound by this Court's judgment and precluded by the doctrine of res judicata from relitigating its claim in the district court. *Id.* at 13-18. In so holding, the district court aptly remarked that Local 322 had "been hoisted on its own petard." *Id.* at 14. Local 322 appealed, and in January 1991 we affirmed, holding that it was an actual party in the *UAW* case and bound by the final judgment rendered therein. *Local 322, Allied Indus. Workers v. Johnson Controls, Inc.*, 921 F.2d 732 (7th Cir.1991).

The Supreme Court subsequently reversed our decision in the *UAW* case. *International Union, UAW v. Johnson Controls, Inc.*, — U.S. —, 111 S.Ct. 1196, 113 L.Ed.2d 158 (1991). In response, Local 322 filed a petition for certiorari in this case, arguing that res judicata should not preclude this action because the Supreme Court had reversed the judgment in the *UAW* case. The Supreme Court denied certiorari. — U.S. —, 111 S.Ct. 2238, 114 L.Ed.2d 480 (1991). Local 322 concurrently filed a motion with the district court to vacate the judgment pursuant to Rule 60(b), contending—as it had to the Supreme Court—that res judicata should not apply because the Supreme Court had reversed us in the *UAW* case.

Shortly thereafter, on June 19, we remanded the *UAW* case to the district court "for whatever proceedings it deems appropriate in conformity with the Supreme

Court's opinion." Unpublished Order (June 19, 1991). 935 F.2d 272 (7th Cir.1991). Citing *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398–402, 101 S.Ct. 2424, 2427–30, 69 L.Ed.2d 103 (1981), we expressly rejected Local 322's request that we order the district court to grant the Rule 60(b) motion, "since it failed to appeal our previous adverse judgments." Less than one month later, the district court denied Local 322's motion to vacate, holding that Rule 60(b) should not be used as a substitute for appeal. Relying on *Moitie,* as well as *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), the district court observed that "a party that does not seek review of an adverse judgment cannot escape the res judicata effect of that judgment just because other parties to the judgment successfully appealed." Decision and Order at 6 (July 11, 1991). Local 322 now resurfaces before us once again, appealing the district court's denial of its Rule 60(b) motion.

■ We need not dwell at great length on the various arguments proffered by the appellant. Put simply, Local 322 made an unwise choice; it opted not to join the UAW in seeking certiorari, and now attempts to circumvent the result of its tactical decision by riding on the UAW's coattails. But whether or not the UAW succeeded before the Supreme Court matters not here. Local 322 is entitled to one, and only to one, judgment. That the UAW won in the Supreme Court is of no moment to Local 322.

Yet this is really the essence of Local 322's claim for Rule 60(b) relief—*i.e.,* that our judgment in the *UAW* case, on which the res judicata judgment in this case is based, was reversed by the Supreme Court in the appeal brought by the other parties to that judgment. Local 322 contends that because of the reversal, that judgment "can no longer have any res judicata effect" as to Local 322. Appellant's Br. at 19. This is fallacious:

> The broad power granted by [Rule 60(b)] is not for the purpose of relieving a party from free, calculated, and deliberate choices ... A party remains under a

duty to take legal steps to protect its own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal.

11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2864, at 214–15 (1992). Although this rule is not inflexible, it is only in "unusual cases" that a party who has not appealed may obtain relief on a Rule 60(b) motion. *Id.* Indeed, as we previously have admonished, Rule 60(b) is "*not* a substitute for appeal and must be considered with the obvious need for the finality of judgments." *Instrumentalist Co. v. Marine Corps League,* 694 F.2d 145, 154 (7th Cir. 1982) (quoting *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir.1979) (emphasis in original)); *see also Andrews v. Heinold Commodities, Inc.,* 771 F.2d 184, 188–89 (7th Cir.1985). Local 322 elected not to pursue an appeal before the Supreme Court, and, as a full party to the *UAW* proceeding before this Court, must abide by the results of that decision regardless of subsequent Supreme Court action.

As the district court observed, this principle was made eminently clear in *Moitie* and *Ackermann.* In *Moitie,* the Court reaffirmed the well-established rule that a final judgment on the merits precludes a party from relitigating issues that were or could have been raised in that action, observing that "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Moitie,* 452 U.S. at 398, 101 S.Ct. at 2428. Significantly, the Court stated, "A judgment merely voidable because based upon an erroneous view of the law ... can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." *Id.*

Like the respondents in *Moitie,* Local 322 "here made a calculated choice to forgo [its] appeals." *Id.* at 400–01, 101 S.Ct. at 2429. As a full party to the judgment in *International Union, UAW v. Johnson Controls, Inc.,* 886 F.2d 871 (7th Cir.1989) (*en banc*), Local 322 was entitled to—but

did not—seek Supreme Court review of that adverse judgment. *See Diamond v. Charles*, 476 U.S. 54, 68, 106 S.Ct. 1697, 1706, 90 L.Ed.2d 48 (1986) ("intervenors are considered parties entitled, among other things, to seek review by this Court."). It did not do so in part because it believed that "any review of the Seventh Circuit's judgment before the Supreme Court would best be initiated by the UAW, not [Local 322], because [Local 322] had not even been a party to the proceeding had in the district court in the UAW case." Appellant's Br. at 29. This is an interesting characterization of Local 322's role, given its earlier assertion in pursuing intervention in which it told us it was seeking full party status, "including the right to supplement the record [with discovery from its district court action] and the right to file briefs and to be heard on oral argument" and that its intervention on appeal "would not only not result in any delay in the instant proceedings but would overall result in economizing the expenditure of judicial resources in that the ultimate decision of this Court would necessarily also be dispositive of [Local 322's] challenge...." Moreover, in its petition for certiorari, Local 322 stated that it "chose to litigate its own claims before the district court" rather than seek review in the UAW case "because the legal landscape was at that time far from clear" and it had "doubt[s]" about whether it "had the necessary control to advance the arguments and proofs that it wanted to make in order to challenge the assumptions of the district court." As *Ackermann* held, a party is not entitled to relief under Rule 60(b) when it made a "free, calculated, deliberate choic[e]" not to appeal. 340 U.S. at 198, 71 S.Ct. at 211–12.

██ Local 322 also contends that Supreme Court Rule 12.4, which provides that "[a]ll parties to the proceeding in the court whose judgment is sought to be reviewed shall be deemed parties in this Court unless the petitioner notifies the Clerk of this Court in writing of the petitioner's belief that one or more of the parties below has no interest in the outcome of the petition," means that Local 322 automatically continued as a "party" to the UAW proceeding before the Supreme Court and therefore is entitled to benefit from the decision. Aside from the fact that Local 322 waived the issue by failing to timely raise it in the district court (mentioning it for the first time in its reply brief), it is without merit. As Johnson Controls notes, Rule 12.4 simply permits a litigant who participated in the court of appeals proceedings an opportunity to participate before the Supreme Court when the petitioner has failed to name it as a participant. It is not a mechanism by which parties, such as Local 322, can deliberately bypass a Supreme Court proceeding and then attempt to reap the benefit of a judgment favorable to the other parties.

Local 322 further argues that the district court improperly relied upon this Court's June 19, 1991, unpublished remand order which, as noted, declined to require the district court to provide Rule 60(b) relief to Local 322. Suffice it to say that Circuit Rule 53, cited by Local 322, *see* Appellant's Br. at 20 n. 14, specifically provides that such orders not be cited or used as precedent *"[e]xcept* to support a claim of res judicata, collateral estoppel or law of the case...." Rule 53(b)(2)(iv) (emphasis added). We are at a loss to see how, given this language, the appellant can argue the district court improperly cited our remand order.

Johnson Controls has asked for Rule 38 sanctions, including costs on appeal and attorney's fees, and, given the appellant's repeat appearance before us raising virtually the same issue previously addressed in its prior appeal (albeit with a twist, as this appeal follows the Supreme Court's reversal of our *UAW* decision), we are inclined to grant the request. This appeal is, we believe, an appropriate one for sanctions; the result was foreordained in light of prior proceedings in this case, as well as Supreme Court precedent, and the arguments were largely without merit. *See Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 184 (7th Cir. 1985); *see also Tomczyk v. Blue Cross & Blue Shield United of Wisconsin*, 951 F.2d 771 (7th Cir.1991), *cert. denied*, —— U.S.

——, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992). Indeed, certain issues asserted in Local 322's previous appeal were simply repackaged and presented to us once again in this proceeding. *Compare, e.g.,* 921 F.2d at 734 (noting Local 322's argument that its intervention on appeal was "only for the limited purpose of determining whether the district court properly disallowed intervention below") *with* Appellant's Br. at 27–28 (Local 322 chose to intervene "because it sought to have the Seventh Circuit vacate the district court's judgment and remand the UAW proceeding to the district court with direction to consolidate that action with [Local 322's] action") *and* 921 F.2d at 734 (noting Local 322's contention that Seventh Circuit's decision in UAW case "is based exclusively on the record presented by the UAW and does not address additional questions raised by Local 322.") *with* Appellant's Br. at 23–26, 29 n. 20 ("It was not even clear to [Local 322] after the Seventh Circuit had issued its decision in the UAW proceedings that the arguments and materials it had sought to present were even a part of the record in that case.").

Under amended Rule 38, effective February 1, 1992, we must provide notice that we are contemplating sanctions and an opportunity to respond. Local 322 shall submit to the clerk of this Court within fifteen days of the date of this opinion any reasons it deems sanctions inappropriate. Johnson Controls shall submit to the clerk of this Court, also within fifteen days, an accounting of attorney's fees and costs incurred in this appeal.

AFFIRMED.