**Paul HUDAK, Plaintiff–Appellant,**

**v.**

**JEPSEN of ILLINOIS, Defendant–Appellee.**

**No. 91–3422.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 22, 1992.

Decided Dec. 30, 1992.

See also 739 F.Supp. 1170.

Yolanda Haces (argued), Richard Flader, Flader & Haces, Chicago, IL, for plaintiff-appellant.

Julie Badel, McDermott, Will & Emery, Chicago, IL (argued), for defendant-appellee.

Before MANION and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

After a full trial in this age discrimination case, the district court entered judgment against plaintiff-appellant Paul Hudak ("Hudak") in accordance with the jury's verdict. Hudak is requesting that we set aside the verdict as unsupported by the evidence. We have jurisdiction over the appeal of this final disposition pursuant to 28 U.S.C. § 1291. We affirm.

## I.

Hudak was employed for 15 years in the warehouse of Jepsen of Illinois, Inc. ("Jepsen"), a small moving and storage company. During the entire period of Hudak's employment, a union was in place at Jepsen, but Hudak never joined it. Hudak was told on at least one occasion that Jack Jepsen, the proprietor of the company, did not want him to belong to the union because he was not a part of the bargaining unit. Though the evidence is equivocal on this point, Hudak was arguably a management employee, and as such, he would not be part of the bargaining unit.

Hudak's duties as warehouseman were to oversee the storage of furniture in the warehouse and to record the movement of furniture into and out of the warehouse. Hudak sometimes operated the forklift used to move furniture to its storage location, though he was prohibited from doing so since the operation of the forklift was bargaining unit work and Hudak was not a union member. On several occasions, the union objected to Hudak's performance of this work. In response to these objections, Hudak would immediately cease operation of the forklift, though he would later operate it when no union representatives were present.

During the last two or three years that he worked at Jepsen, Hudak had an assistant in the warehouse, Vincent Owen ("Owen"). Owen, a union member, primarily assisted Hudak by moving furniture and operating the forklift, though he also assisted with the paperwork to some extent.

When Jepsen discharged Hudak, the explanation given was that a reduction-in-force was necessary due to financial difficulties. At the time of his discharge, Hudak was sixty-one years old. Owen, then twenty-eight years old, was retained in the warehouse. The reason that Jepsen gave for retaining Owen while discharging Hudak was that the union insisted that Jepsen have a union member in the warehouse to perform bargaining unit work. Hudak believed that this reason was pretextual and that Jepsen was actually discharging him because of his age.

Hudak filed a complaint against Jepsen, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. After a full trial, the jury returned a verdict against Hudak and the district court entered judgment in accordance with the jury's verdict. Hudak did not move for a directed verdict at the close of the evidence, nor did he file any post-trial motions. In this appeal, Hudak is challenging the jury's verdict as unsupported by the evidence.

## II.

■ Our review of the record indicates, and Hudak conceded at oral argument, that he failed to move for a directed verdict at the close of the evidence pursuant to Fed. R.Civ.P. 50(a), nor did he make any other motions to challenge the sufficiency of the evidence. This Court has previously stated that "[i]t is well established in this Circuit that the sufficiency of the evidence supporting jury submission of a case or the jury's findings is not reviewable on appeal unless the party seeking review has made a timely motion for a directed verdict in the trial court." *Rogers v. ACF Industries, Inc.*, 774 F.2d 814, 818 (7th Cir.1985). Therefore, we are not required to review the sufficiency of the evidence supporting the jury's verdict in this case.

This Court has discussed, without expressly adopting, a possible exception to this general rule, based on cases in other Circuits. *United States v. Warner*, 855 F.2d 372, 374 (7th Cir.1988); *Thronson v. Meisels*, 800 F.2d 136, 140 (7th Cir.1986). Under this exception, a court will review

the sufficiency of the evidence where failure to do so, in its view, would have constituted manifest injustice. In invoking such an exception, courts have, however, limited their inquiry "to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice." *Thronson,* 800 F.2d at 140 (quoting *Budge v. Post,* 643 F.2d 372, 374 (5th Cir.1981)) (emphasis in original).

■ We need not decide whether to adopt this exception to dispose of this case because, even if we were to adopt it, the district court's decision would still stand. First, our examination of the record indicates that evidence exists to support the jury verdict. Jepsen had experienced serious financial losses prior to Hudak's discharge. Tr. 171. A management consultant recommended a reduction-in-force, including the elimination of one of the two warehouse positions. Tr. 140, 205. The union was insisting that much of the physical warehouse work, such as operating the forklift, be performed by a union employee. Tr. 60–63. Owen was a union employee and Hudak was not. Tr. 58. Therefore, the jury had evidence before it that allowed it to believe that Jepsen had legitimate, non-discriminatory reasons for discharging Hudak. Second, putting aside the question of whether plain error review may be applied at all in civil cases,[1] this case does not present the sort of exceptional circumstances that would support its use.

### III.

Because Hudak did not object to the sufficiency of the evidence by moving for a directed verdict at the close of the evidence or by making any other post-trial motions, his challenge to the jury verdict fails.

AFFIRMED.

---

1. The language of decisions in this Circuit regarding the extent to which plain error review may apply in civil cases is somewhat contradictory. *United States v. Caputo,* 978 F.2d 972, 974 (7th Cir.1992) ("[T]his Circuit has been unwilling to create a common law plain error rule for civil cases."); *Maul v. Constan,* 928 F.2d 784, 787 (7th Cir.1991) ("[T]he plain error doctrine does not apply to civil cases unless the error concerns subject matter jurisdiction."); *Deppe v. Tripp,* 863 F.2d 1356, 1362 (7th Cir.1988) ("[W]e hold that the plain error doctrine may be available to review evidentiary rulings to which no objection was made at trial if a moving party can demonstrate (1) that exceptional circumstances exist, (2) that substantial rights are affected, and (3) that a miscarriage of justice will result...."); *In re Muller,* 851 F.2d 916, 918 (7th Cir.1988) ("It is dubious whether this Circuit recognizes plain error in a civil proceeding.... If invocable at all, '[o]nly in [the] most exceptional circumstances [will we] allow a civil appellant to make a nonjurisdictional argument for the first time on appeal....' "). Despite the uncertainty of this doctrine, it is evident from the above quotes that plain error review in this Circuit could apply only in the most exceptional circumstances.