991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John NADER, Plaintiff-Appellant,
v.
Mel SLOAN, et al., Defendants-Appellees.
 No. 91-1626.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.[1]
Decided April 13, 1993.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Unhappy with the status of his state court divorce proceedings, John Nader filed suit in federal court under 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. § 2283, seeking equitable relief and punitive damages. The district court dismissed the complaint in a minute order without specifying the basis. Fifty-one days after the dismissal was entered on the district court docket, Nader moved to vacate the dismissal and for reentry of the judgment, Fed.R.Civ.P. 60(b)(1), claiming that he did not receive notice of the entry of the dismissal. (The docket contains a notation that the Judge's staff notified counsel by telephone.) The district court, finding good cause to do so, vacated its dismissal and reentered it as of that date. Nader filed his notice of appeal eleven days after the entry of that order, but seventy days after the original entry of dismissal.
 
 
 2
 Before analyzing whether the district court properly dismissed the complaint with prejudice, we must first determine whether Nader's notice of appeal was timely filed. The timely filing of a notice of appeal is mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 264 (1978). Rule 60(b) is " 'not a substitute for appeal and must be considered with the obvious need for the finality of judgments.' " Local 332 v. Johnson Controls, Inc., 969 F.2d 290, 292 (7th Cir.1992) (quoting Instrumentalist Co. v. Marine Corps. League, 694 F.2d 145, 154 (7th Cir.1982)) (additional quotations omitted). It is well-established that Rule 60(b) relief is unavailable "when, as here, the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." Spika v. Village of Lombard, 763 F.2d 282, 286 (7th Cir.1985), cert. denied, 474 U.S. 1056 (1986) (citations omitted). See DeRango v. United States, 864 F.2d 520, 523 (7th Cir.1988). The only basis for the Rule 60(b) motion was lack of notification and the motion was granted to restart the running of the time to appeal. This is an insufficient justification for Rule 60(b) relief and constitues an abuse of the district court's discretion.
 
 
 3
 Nor can the appeal be salvaged if we construe the motion as a request to extend the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Upon a showing of excusable neglect or good cause, the district court may extend the time for filing a notice of appeal. Fed.R.App.P. 4(a)(5). Extensions under Rule 4(a)(5) for excusable neglect may be appropriate where the lack of notice of the entry of an oder or judgment is coupled with some, although unsuccessful, attempt to ascertain the status of the case within the appeal time. Redfield v. Continental Cas. Corp., 818 F.2d 596, 603 (7th Cir.1987). Here, no such diligence was shown.
 
 
 4
 The motion to dismiss had been fully briefed by October of 1990. On November 8, 1990 the district court allowed the parties to file additional authority and notified them that a ruling would be made by mail. A status hearing was thereafter set for January 1, 1991. Counsel for Nader telephoned the Clerk of the Court on January 7, 1991 to advise that he had a conflict with the status date. Counsel was "advised that the status date was unnecessary because a ruling was to be forthcoming sometime thereafter." (Dore Aff., R. 45). The minute order dismissing the complaint with prejudice and striking the status hearing was dated January 3, 1991 and entered on the docket on the 8th. Counsel did not inquire further concerning the status of the case until February 8, 1991.
 
 
 5
 Because Nader did not show excusable neglect under Rule 4(a)(5) given these facts, we will not construe the district court's order as an extension of the time to file a notice of appeal. There being no effective extension of the filing time, the notice of appeal was untimely and we must DISMISS the appeal for lack of jurisdiction.
 
 
 
 [1]
 On December 26, 1991, we ordered this case to be submitted for decision without the filing of a brief by the appellee and without oral argument by the appellee. Thereafter, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs