41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ALLISON GAS TURBINE DIVISION OF GENERAL MOTORS CORPORATION,
Plaintiff-Appellant
v.
ISLAND CREEK CORPORATION, Defendant-Appellee
 No. 94-1995.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 2, 1994.
Decided Nov. 17, 1994.
 
 Before CUDAHY, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Allison Gas Turbine Division of General Motors Corporation (Allison) sued Island Creek Corporation (Island Creek) for breach of contract and fiduciary duty. The trial court submitted the case to the jury, and the jury returned a verdict in favor of Island Creek. Allison, the party with the burden of proof at trial, alleges that no rational jury could have returned a verdict against it. Because Allison failed to make motions to preserve this argument for appeal, we affirm the jury's determination.
 
 I.
 
 2
 The dispute between Allison and Island Creek arose from a joint venture to create electricity from certain gaseous waste products of coal mining. Island Creek sought Allison's expertise in designing, assembling, testing and operating equipment that would use waste methane to generate electricity. The parties accordingly entered into an agreement with this purpose on December 1, 1986.
 
 
 3
 The agreement conceived of performance in four phases: 1) the Initial Concept Phase; 2) the Demonstration Unit Development Phase; 3) the Demonstration Unit Agreements Phase; and 4) the Joint Venture Phase. Island Creek reserved the right to terminate the contract at any time. Indeed, Island Creek's right to terminate the agreement was not in dispute. Rather, Allison challenged the financial consequences of that termination. If the second phase, the Demonstration Unit Development Phase, had not been completed at the time of termination, Island Creek had to pay only the costs of the Gas Gathering System and the Electrical Transmission System. However, if the second phase had been completed, Island Creek was additionally responsible for the costs of the Gas Processing System and the Generating Equipment. In order for the Demonstration Unit Development Phase to be deemed "complete," the equipment had to pass certain performance specifications.
 
 
 4
 The parties disagreed as to whether these performance specifications had been met. Island Creek asserted that the agreement required the equipment to generate electricity at 3.5 megawatts 94% of the time during a fourteen day period. Because the equipment did not meet this benchmark for the required time period, Island Creek asserted that it was liable only for the costs of the Gas Gathering System and the Electrical Transmission System. Given that it had tendered Allison a check for this amount, Island Creek claimed that it had fulfilled its obligations under the agreement. Allison, on the other hand, asserted that the equipment need only generate electricity at 3.5 megawatts, but that there was no requirement that the machine sustain this performance over any time period. Because the equipment reached this power output objective (though not for the time period that Island Creek alleged necessary), Allison claimed that Island Creek was additionally responsible for the costs of the Gas Processing System and the Generating Equipment. Allison therefore sued for breach of contract.
 
 
 5
 Without objection from Allison, the jury was charged with determining which performance specifications governed the parties' transaction, and whether the equipment had indeed met those specifications. The jury returned a verdict in favor of the defendant, Island Creek.
 
 
 6
 Allison appeals, claiming that no rational jury could have returned a verdict against it. Allison did not move for judgment as a matter of law at either the close of the evidence or after the jury had returned its verdict. See Fed.R.Civ.P. 50(a) & (b).
 
 II.
 
 7
 Allison's sole challenge on appeal goes to the sufficiency of the evidence to support the jury's determination. Because Allison failed to raise this challenge in the district court, we decline to consider it on appeal.
 
 
 8
 At trial, Allison claimed that Island Creek was in breach of its agreement. As plaintiff, it bore the burden of proving its entitlement to recovery. To support its claim, Allison needed to prove that phase 2, the Demonstration Unit Development Phase, was complete (triggering Island Creek's duty to pay for the additional costs detailed by the agreement). Proof of completion of phase 2 required Allison to show that its equipment had met the performance specifications mandated by the parties' agreement. The jury returned a verdict against Allison, in Island Creek's favor. In doing so, the jury found that Allison, for whatever reason, had failed to shoulder its burden of proof. Allison now suggests that this finding was erroneous.
 
 
 9
 Allison couches its complaints in the language of insufficiency of the evidence. It claims that there was no reasonable basis in the record for the jury verdict. See Dallis v. Don Cunningham & Assc., 11 F.3d 713, 715 (7th Cir.1993); Europlast, Ltd. v. Oak Switch Systems, Inc., 10 F.3d 1266, 1271 (7th Cir.1993). What Allison is really saying is that no rational jury could have returned a verdict against it. This is a claim for judgment as a matter of law.
 
 
 10
 Allison should have first asserted this claim in the district court. Federal Rule of Civil Procedure 50(a) provides the appropriate mechanism for doing so. We cannot, on appeal, review the evidentiary basis of jury findings unless the party seeking review has made a timely motion in the trial court. Hudak v. Jepsen of Illinois, 982 F.2d 249, 250 (7th Cir.1992); Thronson v. Meisels, 800 F.2d 136, 140 (7th Cir.1986); Rogers v. ACF Industries, Inc., 774 F.2d 814, 818 (7th Cir.1985).
 
 
 11
 Although some cases have discussed a possible exception to this general rule, see Thronson, 800 F.2d at 140 (discussing a possible "manifest injustice" exception), it is inapplicable given any evidence in the record to support the jury's verdict. Hudak, 982 F.2d at 251. Here, the record contains ample evidence supporting the jury's determination. Island Creek came forward with proof of both the performance specifications that it claims governed the agreement, and proof of the fact that the equipment failed to meet those specifications for the necessary time period.
 
 
 12
 Allison has failed to come forward with any basis for avoiding the conclusion that its failure to preserve error at trial is fatal to its appeal. Because it did not raise arguments relating to the sufficiency of the evidence at trial, we refuse to hear them on appeal. Given that this is Allison's sole basis for appeal, its claim must fail.
 
 III.
 
 13
 We note additionally that Fed.R.App.P. 38 authorizes us to grant costs and attorney's fees as a sanction for a frivolous appeal. Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985). See also 28 U.S.C. Sec. 1912. An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit. Indianapolis Colts, 775 F.2d at 184. Additionally, a court may consider a litigant's failure to present cogent arguments in support of overturning the district court's decision as evidence that a litigant lacked a reasonable expectation of prevailing upon appeal. Spiegel v. Continental Illinois National Bank, 790 F.2d 638, 650 (7th Cir.1986).
 
 
 14
 Here, Allison's claim was destined to fail from the outset. "It is well established in this Circuit that the sufficiency of the evidence supporting jury submission of a case or the jury's findings is not reviewable on appeal unless the party seeking review has made a timely motion for a directed verdict in the trial court." Rogers, 774 F.2d at 818. Allison's counsel apparently overlooked this principle in his own research. Much more importantly, however, he also utterly failed to respond to Island Creek's assertion of it. Nowhere does Allison's Reply Brief propose a basis for avoiding the conclusion that he failed to preserve error for appeal. We assume that if Allison's counsel had had a good faith argument for avoiding the conclusion that he failed to preserve error, he would have asserted it in his Reply Brief. Because he did not, we can only conclude that he was aware of (or willfully chose to ignore) the fact of his impending failure on appeal. This is sanctionable conduct.
 
 
 15
 Given the foreordained result in this case, we believe Rule 38 sanctions, including costs on appeal and attorney's fees, are appropriate. Under Rule 38, we are required to give Allison notice that we find its conduct sanctionable, and an appropriate opportunity to respond. See Local 332 v. Johnson Controls, 969 F.2d 290, 294 (7th Cir.1992). Accordingly, Allison should submit to the clerk of this Court within fifteen days of the date of this order any reasons it deems sanctions inappropriate. Within the same time period, Island Creek should also submit an accounting of attorney's fees and costs incurred on this appeal.
 
 
 16
 AFFIRMED.