51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
Dean S. VLAHOS, Individually and as an Officer and Director
of U.S. Sales Corporation, Defendant-Appellant.
 No. 93-2322.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 23, 1995.
 
 Before CUMMINGS, PELL and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1991, the Federal Trade Commission brought an action against Dean Vlahos and U.S. Sales Corporation to secure an injunction and restitution for engaging in nationwide consumer fraud. U.S. Sales Corporation, wholly owned by Vlahos, allegedly violated 15 U.S.C. Sec. 45 by using a 900 telephone number to sell information on how to buy "hot cars" and how to obtain credit cards from major banks "regardless of the consumers' credit history." The district court granted the FTC's motion for summary judgment on two counts of the complaint, dismissed two other counts, issued a permanent injunction to prevent further fraudulent advertising, and ordered defendants to pay $9 million to defrauded consumers. Criminal charges were also filed against Vlahos.
 
 
 2
 Defendants appealed the civil judgment, but the appeal was dismissed because defendants failed to file a brief timely. Vlahos also filed a separate appeal to vacate the performance bond requirement claiming the bond was facially unconstitutional and filed a new motion to vacate the performance bond pursuant to Rule 60(b)(5). The district court ordered Vlahos to file a consolidated brief raising all Rule 60(b)(4) and (5) motions. When he failed to file this brief timely and did not seek an extension of time, the district court struck Vlahos' motions but allowed Vlahos to re-file within 14 days.
 
 
 3
 Vlahos filed a brief after the 14 days had expired. The district court denied leave to refile and denied the new motions as time barred under Rule 60 finding that Vlahos exhibited a pattern of ignoring court time mandates. Vlahos now appeals the district court's Rule 60 order and the underlying civil judgment.
 
 
 4
 We review motions under Rule 60(b)(4) alleging lack of jurisdiction de novo. See In re Edwards, 962 F.2d 641, 644 (7th Cir.1992); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2862 at 197 (1973 & Supp.1994). There is no time limit to attack a judgment as void. Edwards, 962 F.2d at 644. A void judgment cannot acquire validity because of laches. Wright, supra, Sec. 2862 at 198.
 
 
 5
 Vlahos first argues the district court never entered a final judgment, so the case is still active. A final judgment occurs when the district court is through with the case, even if the judgment is not memorialized in conformity with Rule 58. Abbs v. Sullivan, 963 F.2d 918, 923 (7th Cir.1992). The district court granted summary judgment and issued final judgment on counts II and III on March 3, 1992, and granted plaintiff's motion to dismiss counts I and IV on March 20, 1992. All counts of the complaint were resolved, and thus the judgment became final.
 
 
 6
 Vlahos next argues that 15 U.S.C. Sec. 45 does not vest the district court with subject matter jurisdiction to decide whether advertisements for phone services are unfair trade practices. This argument is wrong. Section 45 encompasses advertisements for non-cosmetic or food items, and the use of phone services implicates the commerce clause. See, e.g., F.T.C. v. World Travel Vacation Brokers, Inc, 861 F.2d 1020, 1029, 1031 (7th Cir.1988).
 
 
 7
 Vlahos also seeks relief from judgment by attempting to reopen the merits of the decision pursuant to Rule 60(b)(5), arguing the performance bond is no longer equitable, not because the passage of time has made it inequitable, but because it unconstitutionally restrains his free speech. Rule 60(b)(5) is meant to address judgments rendered inequitable because of time and not to reopen grounds of defense available at the time of appeal. See Local 332 v. Johnson Controls Inc., 969 F.2d 290 (7th Cir.1992) (Rule 60 is not a substitute for appeal); 11 Wright & Miller, supra, Sec. 2861 at 204 (Rule 60(b)(5) allowing relief when judgment no longer equitable is based on historical power of a court of equity to modify its decree in light of changed circumstances). This argument was not raised on appeal and is therefore waived now. Vlahos makes no other argument indicating that the judgment is void or inequitable. The district court's decision is therefore
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record