108 F.3d 1380
 79 A.F.T.R.2d 97-1544, 97-1 USTC P 50,291
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John F. McKEOWN, Defendant-Appellant.
 No. 95-3234.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 11, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The United States filed a complaint in April 1992 to reduce to judgment federal income taxes, penalties, and interest assessed against John F. McKeown (hereinafter McKeown) for the years 1981 and 1984, and to foreclose the resulting tax liens that had attached to McKeown's real property. Pursuant to 26 U.S.C. § 7403, the government named Citizens Federal Savings & Loan Association, Francis J. Schafer, and McKeown's ex-wife as defendants in order to adjudicate their claims to the subject property. In May 1993, the government filed a motion for summary judgment against all defendants named in its original complaint. Upon filing an amended complaint, which added Lake of the Four Seasons Property Owners Association as a defendant, the government extended its motion for summary judgment to that defendant as well. Judge Lozano granted the motion for summary judgment against all defendants, and judgment was entered on March 31, 1994.
 
 
 2
 McKeown filed his first post-judgment motion, entitled "Motion for a New Trial," on April 18, 1994. Judge Lozano denied the motion on May 26, 1994, finding that it merely repeated the same tax protestor arguments rejected by the court in granting summary judgment and in denying McKeown's earlier motion to dismiss. After a lull, on March 6, 1995, McKeown filed a second motion attacking the judgment ("Petition to Vacate Judgment Including a Petition for a Trial"). On June 26, Judge Lozano recused himself, and reassigned the case to Judge Moody. McKeown responded with a "Petition of Intense Objection Including an Affidavit Pursuant to 28 § 144 to Show Bias and Prejudice Conduct of Judge Moody" [sic]. On July 17, Judge Moody denied the "Petition to Vacate Judgment ...," and "overruled" the "Intense Objection." Next came another "Motion for a New Trial" from McKeown on July 29, which Judge Moody denied on August 1 "as untimely and because it raises only matters which have already been addressed, time and time again." Finally, on August 20, McKeown submitted a "Motion for Reconsideration" of the August 1 order. Judge Moody denied that motion on August 23.
 
 
 3
 McKeown gave up the fight at the district court level, filing a notice of appeal on September 11. Read liberally, the notice of appeal indicated McKeown's intent to challenge several decisions: the denial of his "Counter-Suit"; the judgment; Judge Moody's alleged failure to respond to his 28 U.S.C. § 144 affidavit; and Judge Moody's denials of the "Motion for a New trial" (which could mean the "Petition to Vacate Judgment ..." or the subsequent "Motion for a New Trial") and the "Motion for reconsideration."
 
 
 4
 The notice of appeal is clearly untimely and therefore ineffective as to the underlying judgment, as well as to the May 26, 1994, order denying McKeown's first post-judgment motion. See Fed.R.App.P. 4(a). Most of the arguments in McKeown's successive post-judgment motions were or could have been raised either prior to the judgment or in the first post-judgment motion. Such belated arguments are not a proper basis for an appeal. See Local 322, Allied Indus. Workers of America v. Johnson Controls, Inc., 969 F.2d 290, 292 (7th Cir.1992). The remaining arguments, based on unsupported allegations of bias and prejudice by Judge Moody, lack any merit. Moreover, McKeown's arguments in the post-judgment motions--as well as prior to the judgment and on appeal--are mostly of the frivolous "tax protestor" variety. In sum, McKeown's entire appeal is frivolous.
 
 
 5
 Because McKeown has taken a frivolous appeal, making tax protestor arguments and attempting an untimely challenge to the underlying judgment, the government's motion to impose a sanction of $2,000 on McKeown pursuant to Fed.R.App.P. 38 is GRANTED. See Cohn v. C.I.R., 101 F.3d 486 (7th Cir.1996) (per curiam). The appeal is DISMISSED as frivolous.
 
 
 
 *
 The appellant has filed a motion entitled "Petition for Oral Argument." After consideration of this motion and examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record, see Fed.R.App.P. 34(a); Cir.R. 34(f), and the appellant's motion is denied