# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2231

HELEN VAN BUMBLE and
DOUGLAS VAN BUMBLE,

*Plaintiffs-Appellants*,

v.

WAL-MART STORES, INC.,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 01 C 968—**Kennard P. Foster**, *Magistrate Judge.*

———————

ARGUED DECEMBER 2, 2004—DECIDED MAY 6, 2005

———————

Before BAUER, POSNER, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.*  Plaintiff-Appellant Helen Van Bumble ("Helen") slipped on a hot dog and fell in the food service area of a Wal-Mart store, suffering injuries to her back and tailbone area. Helen sued Defendant-Appellee Wal-Mart for negligence, and her husband, Douglas Van Bumble ("Douglas"), sued for loss of consortium. The jury returned a verdict in favor of Helen on the negligence claim and in favor of Wal-Mart on the loss of consortium claim. Dissatisfied with the jury's damage award, the Van Bumbles moved

alternatively for a new trial on the merits, a new trial limited to damages, or additur. The district court denied these motions, and we affirm.

## I. Background

On November 6, 1999, Helen was working for the Photographic Corporation of America, which operated a shop in Wal-Mart. That afternoon, Helen went to Wal-Mart's food service area to buy lunch. She had gone to lunch at this snack bar area each day since she started her job eight days earlier. Seeing a long line ahead of her and only one clerk working behind the counter, Helen got out of line and walked around a group of tables. At this point, she slipped and fell on a hot dog that was on the floor, landing on her buttocks and left arm. Helen later testified at trial that she did not look down toward the ground as she was walking because her former training as a model taught her to walk with her head up. A Wal-Mart employee investigated the incident and filed a written report complete with photographs of the offending frankfurter. Helen was taken to the emergency room at Community Hospital on November 6 and was treated by Dr. Sidebottom. Helen continued to see Dr. Sidebottom for treatment until January 28, 2000. She was also treated by Dr. Ronald Sheppard, a chiropractor, and Dr. Edward Kowlowitz, who specialized in pain management. In January 2003, Helen began treatment with Dr. Palmer Mackie. Dr. Mackie reported that as much as 65% of Helen's ongoing pain could be related to something other than her fall on November 6, 1999, and also noted that prior to her fall at Wal-Mart, Helen had sought treatment for chronic pain.

The Van Bumbles filed a complaint for negligence and loss of consortium on May 30, 2001. After a three-day trial in April 2004, the jury returned a verdict in favor of Helen on the negligence claim. Having determined that Wal-Mart was 51% at fault and Helen was 49% at fault for her fall, the jury

found that Helen's total damages were $25,537 and therefore awarded her $13,024 in accord with the Indiana Comparative Fault Act. The jury found in favor of Wal-Mart on the loss of consortium claim. The Van Bumbles appeal the verdict on the loss of consortium claim and also appeal the amount of damages awarded on the negligence claim.

## II. Discussion

### A. Jury Instructions

Plaintiffs claim that they are entitled to a new trial because the district court's instructions to the jury regarding the taxation of an award for damages and Indiana premises liability law were in error. We review jury instructions as a whole to determine if they adequately inform the jury of the applicable law. This requires a two-step process: (1) determining whether the instructions misstate or fail to fully state the law; and if so, (2) determining if the inadequate instructions confused or misled the jury, thereby causing prejudice. *Lalvani v. Cook County*, 396 F.3d 911, 914 (7th Cir. 2005).

First, the court's instruction that any award for damages would not be subject to taxation was not in error. The instruction stated the applicable law correctly and was not misleading; rather, it clarified for the jury that it need not award an inflated amount of damages on the faulty premise that their award would be subject to taxation. *See generally Selby v. Lovecamp*, 690 F. Supp. 733 (N.D. Ind. 1988).

Second, the instruction given by the district court regarding premises liability also correctly stated the applicable law. The Van Bumbles assert that the district court erred, however, in failing to give two of their proposed instructions regarding the self-service method of merchandising and recurring dangerous conditions. We need not concern ourselves with determining whether the failure to give these

instructions was error; the jury ultimately determined that Wal-Mart had breached its duty of care and found in favor of Helen on her negligence claim. Therefore, any possible error in failing to give the proposed instructions was harmless and did not prejudice the Van Bumbles.

### B. Laura Whitson's Testimony

Helen testified at trial that she did not have any chronic pain problems before her fall at Wal-Mart, nor was she regularly taking any prescription pain medication. The district court allowed testimony by Laura Whitson, a pharmacist, who authenticated Helen's prescription records and stated that Helen regularly filled prescriptions for pain medications, including Celebrex and Vioxx, prior to her fall. Plaintiffs contend that it was error to allow this rebuttal testimony. A district court's decision to admit rebuttal testimony is reviewed for an abuse of discretion.

There was no abuse of discretion in the instant case. Helen's testimony regarding her medication is subject to a credibility determination. She specifically testified that she was not regularly taking any prescription pain medication prior to her fall. The rebuttal evidence simply put her credibility to the test. Such is the nature of rebuttal testimony; it was appropriate for the jury to receive this evidence.

### C. Exclusion of Testimony Regarding Medical Insurance

Wal-Mart filed a motion *in limine*, which the district court granted, to preclude plaintiffs from testifying as to their lack of medical insurance and their financial situation. During trial the plaintiffs moved the court to reconsider its ruling, but were denied. Plaintiffs now assert that the court erred in excluding this testimony. Again, we review for an abuse of discretion. *Heft v. Moore*, 351 F.3d 278, 283-84 (7th Cir.

2003). Evidence regarding the Van Bumbles' insurance status and relative wealth or poverty is irrelevant and would have been prejudicial to the jury's determination of damages. The exclusion of this evidence was not an abuse of discretion. The Van Bumbles moved the court to reconsider the motion *in limine* at trial because they were concerned that Wal-Mart would attempt to argue that Helen did not really suffer any pain during the two-year period that she did not seek medical treatment. The district court stated that if Wal-Mart opened the door by eliciting testimony as to why Helen did not seek treatment for that two-year period, then plaintiffs would be given the opportunity to explain their insurance situation. Wal-Mart never opened the door. Consequently, the district court's refusal to lift the motion *in limine* at trial was also correct.

## D. Jury Verdicts

The Van Bumbles also challenge the jury's verdict in favor of Wal-Mart on Douglas's loss of consortium claim, the jury's finding that Helen was 49% contributorily negligent, and the sufficiency of the damages awarded. We will address each of these claims in turn.

First, plaintiffs seem to take the position that, having found for Helen on her negligence claim, the jury was required to find for Douglas on his loss of consortium claim, and that failure to do so requires a new trial. This is not the law. The jury was required to determine whether Douglas suffered any loss as a result of Helen's injuries; they found that he did not. A new trial may be granted only if the jury's verdict is against the manifest weight of the evidence. *ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 545 (7th Cir. 2003). Douglas was impeached several times at trial regarding who performed the housework before Helen's injury and the extent of Helen's pain issues prior to her fall. The jury was free to find Douglas' testimony lacking in credibility, and it apparently did.

Second, plaintiffs assert that the evidence was insufficient to support the jury's finding that Helen was 49% contributorily negligent. However, the jury's determination on this issue is not reviewable on appeal since the Van Bumbles failed to move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) or make any other motions challenging the sufficiency of the evidence. *Hudak v. Jepsen of Ill.*, 982 F.2d 249, 250 (7th Cir. 1992).

Finally, the plaintiffs challenge the amount of damages awarded by the jury as inadequate. "A motion for a new trial on the ground of inadequate or excessive damages is addressed to the discretion of the trial court." *Galard v. Johnson*, 504 F.2d 1198, 1199 (7th Cir. 1974). There was no abuse of discretion here; the damages awarded by the jury in this case are rationally connected to the evidence presented at trial. Helen was ultimately awarded $13,024. Since she was found to be 49% at fault, the jury must have found Helen's total damages to be $25,537; that figure was then reduced according to the Indiana Comparative Fault Act. The total damage figure of $25,537 could have been determined any number of ways. The jury may have awarded Helen all of her medical expenses plus an amount for pain and suffering, they may have reduced her medical expenses but awarded money for lost wages, and so forth. Regarding Helen's medical expenses, Wal-Mart stipulated only to the authenticity and admissibility of the total amount of medical expenses incurred by Helen, not that these expenses were reasonable or incurred as a result of Helen's fall. The jury was free to find some of these medical expenses either unreasonable or unnecessary and calculate damages accordingly.

### III.  Conclusion

As the district court succinctly noted, the mere fact that the jury awarded less to the plaintiffs than they would have

liked does not entitle them to a new trial or additur. For the reasons stated herein, we AFFIRM.


A true Copy:

Teste:

_____
***Clerk of the United States Court of Appeals for the Seventh Circuit***