**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2015[*]
Decided April 20, 2016

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3076

| | |
|---|---|
| JALEH BANAEI, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 6966 |
| TIMOTHY MESSING and | |
| REBECCA NIZIOLEK, | William T. Hart, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Jaleh Banaei, who owns an apartment building in Evanston, Illinois, was arrested by police officers Timothy Messing and Rebecca Niziolek after a heated argument with one of her tenants. The officers transported Banaei to the police station and, once there, searched her before locking her in a holding cell for several hours. During the search, Officer Niziolek, the female officer, instructed Banaei to remove her sweatshirt despite Banaei's protest that she was wearing only lingerie underneath. Niziolek then patted down Banaei over her sheer, long-sleeved shirt and bra. The charge of misdemeanor

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

battery later was dropped, and Banaei then sued the two officers and the City of Evanston under 42 U.S.C. § 1983, claiming that she was arrested and searched in violation of the Fourth Amendment. The district court initially granted summary judgment for the defendants on both claims, but in a previous appeal we overturned the dismissal of the search claim. *Banaei v. Messing,* 547 F. App'x 774 (7th Cir. 2013). On remand a jury found for the defendants, and Banaei appeals. We affirm the judgment.

Banaei had alleged that the pat-down search amounted to a strip search, and that it was conducted in full view of Officer Messing, as well as other Evanston officers who laughed at her humiliation. We concluded that the evidence at summary judgment—essentially Banaei's uncontested account—would permit a jury to find that the defendants, without justification for an intrusive search, had "forced her to undress before an audience of men and women for their amusement." *Banaei*, 547 F. App'x at 776–78.

At trial, though, the defendants countered that, rather than a "strip search," the search of Banaei had been a routine pat-down for weapons and contraband, as is done before any arrestee is placed in a holding cell. Banaei had been clothed at all times, the defendants testified, and was not subject to a search of her body cavities. Moreover, the defendants maintained, the search was not conducted in the presence of other officers who were not involved in the arrest, as Banaei continued to insist. Rather, the defendants testified, Officer Niziolek had searched Banaei while only Messing, who was not watching, was present in the room. Thus, the defendants argued, the search had been reasonable.

Banaei, on the other hand, pressed her contention that the search had violated the Fourth Amendment because the Evanston police manual generally forbids strip searches after misdemeanor arrests, and yet, she argued, forcing her to expose her sheer shirt and the bra visible underneath would fit the manual's definition of a "strip search." *See* CITY OF EVANSTON, ILLINOIS, POLICE MANUAL 10 (Revised Mar. 22, 2006). Banaei, who was represented by counsel, did not move for judgment as a matter of law before the jury returned its verdict, nor did she move afterward to set aside the verdict or for a new trial. *See* FED. R. CIV. P. 50(a), (b), 59(a).

On appeal, Banaei, who is now pro se, principally contends that the jury was prejudiced because several members of the venire had family or friends among police and emergency personnel. But most of the examples she gives are persons who were not seated on the jury, and of those who did serve, not one was challenged by her attorney for cause. Indeed, Banaei's lawyer challenged for cause only one prospective juror—who

counted among his friends at least fifteen police officers—and then exercised a peremptory challenge after the district judge declined to strike that individual. Banaei has not articulated any persuasive reason to question the impartiality of the jurors who served; a prospective juror's "mere relationship to a law enforcement officer" is not a reason to strike that individual for cause, and a district judge has discretion to credit the person's assurance that the relationship will not influence his evaluation of the evidence. *See United States v. Beasley*, 48 F.3d 262, 267 (7th Cir. 1995); *see United States v. Polichemi*, 201 F.3d 858, 862–63 (7th Cir. 2000). Moreover, even if the judge should have eliminated that juror for cause, Banaei could not have been harmed by having to exercise one of her three peremptory strikes against him. *See Griffin v. Bell*, 694 F.3d 817, 821–22 (7th Cir. 2012); *United States v. Polichemi*, 219 F.3d 698, 705–06 (7th Cir. 2000).

Banaei's second argument—that the jury's verdict is not supported by the evidence—cannot be reviewed by this court because she did not properly preserve the issue. Banaei did not move in the district court for judgment as a matter of law, nor did she move for a new trial based on insufficiency of the evidence. *See* FED. R. CIV. P. 50(a), (b); *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006); *Collins v. Lochard*, 792, F.3d 828, 831 (7th Cir. 2015); *Maher v. City of Chicago*, 547 F.3d 817, 823–24 (7th Cir. 2008); *Hudak v. Jepsen of Illinois*, 982 F.2d 249, 250 (7th Cir. 1992). And even if we were to consider the merits of her argument, Banaei would not be able to meet her burden of demonstrating that there was "no legally sufficient evidentiary basis" for the jury's verdict. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 849 (7th Cir. 2014); *Maher*, 547 F.3d at 824.

Banaei's jury had ample evidence from which to conclude that the search was reasonable: If the two officers are believed, Banaei was alone with them when she was searched, and Officer Messing was not watching; she was wearing a bulky sweater that needed to be removed to facilitate the pat-down; Banaei was still fully clothed during the search (even if her long-sleeved shirt was sheer); the search involved no skin-to-skin contact or invasive examination of any body cavity; and protective pat-down searches for weapons and contraband, like the search of Banaei, are routinely conducted prior to placing an arrestee in a holding cell. Banaei's testimony differed on some points, e.g., whether other officers were present during the search, but resolving conflicting testimony is the jury's role, not ours. *See United States v. Harris*, 791 F.3d 772, 779 (7th Cir. 2015); *Whitehead v. Bond*, 680 F.3d 919, 928–29 (7th Cir. 2012); *Trytko v. Hubbell, Inc.*, 28 F.3d 715, 726–27 (7th Cir. 1994). In addition, although Banaei insists that the search was conducted in a manner that violated the police manual, that would be a factor for the jury to consider, not conclusive evidence of a constitutional violation. *See Abdullahi v.*

*City of Madison*, 423 F.3d 763, 772 & n.6 (7th Cir. 2005) (recognizing that evidence of violation of police practices is relevant to reasonableness inquiry but not dispositive); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (noting that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of "departmental regulations and police practices"); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir. 1992) ("[C]ity policies do not determine constitutional law.").

Finally, counsel for the City of Evanston argues in his brief that Banaei should be sanctioned on the ground that her appellate claims are frivolous and malicious. Yet the Federal Rules of Appellate Procedure require that a demand for sanctions be made, not in a brief, but by separate motion, which counsel has not filed. *See* FED. R. APP. P. 38; *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780–81 (7th Cir. 2012); *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 553 (7th Cir. 2011); *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 761 (7th Cir. 2005). Sanctions are not mandatory, nor are they imposed lightly, especially when the appellant is pro se. *See Goyal v. Gas Tech. Inst.*, 732 F.3d 821, 823–24 (7th Cir. 2013) (stating that Rule 38 sanctions "are a matter for the sound discretion of this court"); *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565–66 (7th Cir. 2011) (agreeing that claim was frivolous but declining to impose sanctions even where district court told litigant that claim was "hopeless" and litigant made nearly verbatim arguments on appeal); *Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir. 1986) (noting that the court is more lenient with pro se litigants who file frivolous appeals). We expect that our decision here will be the end of this dispute, and no sanctions are warranted at this time.

AFFIRMED.