# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-1977

STARLETT KING AND JEFF SHETTERLY,

*Plaintiffs-Appellants,*

*v.*

BRIAN HARRINGTON,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 03 C 1343—**Larry J. McKinney**, *Chief Judge.*

ARGUED JANUARY 17, 2006—DECIDED MAY 9, 2006

Before BAUER, ROVNER, and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Starlett King and Jeff Shetterly brought suit against Brian Harrington for injuries sustained in an automobile accident. Based on diversity of citizenship and claimed damages in excess of $75,000, the case was tried in the United States District Court for the Southern District of Indiana. After a two-day trial, the jury rendered a verdict in favor of the defendant. The district court denied plaintiffs' motion for a new trial, and this appeal followed. We affirm.

On January 8, 2002, defendant Harrington and plaintiffs Shetterly and King were involved in an automobile

accident at the intersection of North Pine Street and Michigan Avenue in Indianapolis, Indiana. King and Shetterly, the driver and passenger, respectively, in one of the vehicles, filed suit against Harrington claiming negligence. Prior to trial, Harrington filed a motion *in limine*, requesting that the court order all participants in the trial to refrain from referencing the defendant's possession of liability insurance. Chief Judge McKinney granted the motion.

At trial, plaintiffs' counsel offered the Indiana Officers' Standard Crash Report, completed at the scene of the accident by Officer Carl Cress, for admission into evidence. All information regarding the attending officer's opinion on the cause of the accident and defendant's insurance was redacted from the report. During Harrington's direct examination, defense counsel offered into evidence two photographs of Harrington's Chevrolet S-10 pick-up truck to illustrate the damage sustained in the accident. Following the offer, plaintiffs' counsel stated that he had "[n]o objection." Trial Tr. vol. 2, 153-54.

The jury heard testimony from both Harrington and King. Harrington testified that he was traveling north on Pine Street when he entered the intersection with Michigan Avenue, and that, while he was not aware of his exact rate of travel, he did not believe he was speeding. Harrington also said that he was forced to slow down before entering the intersection because of a "hump" in the road. As he approached the intersection Harrington saw that the traffic light was yellow, but he said he did not see King and Shetterly's vehicle. On entering the intersection, appellants' car struck Harrington's pick-up truck in the rear fender of the passenger side.

King testified that she proceeded into the intersection on a green light and was struck by Harrington. Plaintiffs-appellants called witness Lea Elaine Vermillion, who was

two cars behind King and Shetterly at the time of the accident. Vermillion testified that the light was green when appellants entered the intersection. After hearing the evidence, the jury found for Harrington on King and Shetterly's claim of negligence.

Plaintiffs' motion for a new trial was denied. They now appeal pursuant to 28 U.S.C. § 1291 arguing that it was error to exclude evidence of Harrington's liability insurance and to redact the Crash Report, error to admit the photographs illustrating the damage sustained by the defendant's vehicle, and error to deny their motion for a new trial. We consider these claims in sequence.

At the outset, we note that the Federal Rules of Evidence and federal law govern the admissibility of evidence in diversity cases. *Rosenburg v. Lincoln American Life Ins. Co.*, 883 F.2d 1328, 1333 (7th Cir. 1989); *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 470-71 (7th Cir. 1984); *see also Pieters v. B-Right Trucking, Inc.*, 669 F.Supp. 1463, 1465 (N.D.Ind. 1987). District court decisions regarding such admissions are reviewed for an abuse of discretion. *Estate of Moreland v. Dieter*, 395 F.3d 747, 753-54 (7th Cir. 2005)*; Rosenburg*, 883 F.2d at 1333. An abuse will not be found unless "(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." *Cent. States v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875 (7th Cir. 2006) (citation omitted).

First the claim that the trial court erred in preventing them from introducing evidence of liability insurance: Federal Rule of Evidence 411 states that

> [e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This

rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Because the paramount question before the jury was one of negligence, evidence of Harrington's insurance was not admissible absent a showing on the part of King and Shetterly that they intended to use the information for some alternate purpose set forth in the second sentence of Rule 411. The plaintiffs made no such alternate showing. Harrington requested the limiting instruction in his motion *in limine*, and Shetterly and King presented no argument to the contrary. Chief Judge McKinney thus granted Harrington's motion. Nor, during appellate oral argument, did the plaintiffs offer any permissible reason that would make the insurance evidence admissible at trial.

Plaintiffs' argument regarding the testimony of Officer Carl Cress also fails to demonstrate an abuse of discretion. *Estate of Moreland*, 395 F.3d at 753-54. Specifically, Shetterly and King claim that the district court erred in that Officer Cress was not allowed to refresh his memory using the Crash Report, was not allowed to offer his opinion on the cause of the accident, and that the Crash Report was redacted to obscure the "most significant portions," App. Br. 17. (Following the previously discussed pre-trial motions *in limine*, the Crash Report had been redacted to exclude evidence of Harrington's liability insurance.) Again, all parties agreed to this evidentiary exclusion pursuant to Federal Rule of Evidence 411, and we have already held this was not an abuse of the district court's discretion. Additionally, appellants argue that the Report should not have been redacted to exclude Cress's field opinion on the cause of the accident. Having agreed to these redactions before trial and offered the Report into evidence themselves, plaintiffs may not now argue error on the part of the trial court. *See United States v. Cunningham*, 405 F.3d 497, 502

(7th Cir. 2005) (citing *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004)).

As to the claim that Officer Cress was not allowed to refresh his memory using the Report, this simply is not true. In preliminary questioning, Cress testified that he had no independent recollection of the accident at issue. Immediately thereafter, on direct examination, the district court allowed plaintiffs' counsel to introduce the Crash Report (in its redacted form) into evidence and Cress reviewed the document on the stand. After a series of questions that tested his memory, Cress again stated that he had no recollection independent of his notations on the Report.

In the final matter on Officer Cress's testimony, we find no error in the district court's preventing him from offering his opinion at trial. Cress was not present at the time of the accident and repeatedly testified that he had nothing to add to the record that wasn't already admitted in his Report. The district court, therefore, properly limited the Officer's testimony pursuant to the Federal Rules of Evidence, Article VII, Opinions and Expert Testimony, and Article VIII, Hearsay.

Appellants next complain that the district court erred in admitting two photographs that depicted the damage suffered by Harrington's vehicle. This issue, however, is not available for appellate review. Federal Rule of Evidence 103(a)(1) states, in relevant part, that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record. . . ." At trial, defense counsel offered the photographs into evidence and appellants' counsel clearly stated "[n]o objection." Trial Tr. vol. 2, 153-54.

Finally, appellants ask us to reverse the district court's denial of their motion for a new trial, and remand for further proceedings. A new trial may be granted only if

the jury's verdict is against the manifest weight of the evidence. *ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 545 (7th Cir. 2003). To meet this standard, King and Shetterly must demonstrate that no rational jury could have rendered a verdict against them. *Woodward v. Corr. Med. Services of Illinois, Inc.*, 368 F.3d 917, 926 (7th Cir. 2004). When making this evaluation, we must view the evidence in a light most favorable to Harrington, leaving issues of credibility and weight of evidence to the jury, and sustain the verdict where a "reasonable basis" exists in the record to support the outcome. *Kapelanski*, 390 F.3d 525, 530 (7th Cir. 2004). Because the matter involved questions of negligence on the action of both King and Harrington, the jury was instructed pursuant to the Indiana Comparative Fault Act, IND. CODE §§ 34-51-2-1 to -7 (2005). Considering these instructions, the jury found that Harrington was not negligent, and thus plaintiffs were not entitled to recovery.

Appellants argue that the verdict was unsupported by the evidence. They base this claim on their now rejected evidentiary arguments and the testimony of Vermillion and King that the traffic light was green when the King and Shetterly vehicle entered the intersection. The jury, however, was presented with countering testimony that Harrington was faced with a yellow light when he entered the intersection and that all of the damage suffered by his vehicle was on the rear, passenger side. Furthermore, Vermillion's view of appellants' vehicle was obstructed at the time they entered the intersection. Viewing the facts in a light most favorable to the defendant, we cannot now hold the jury had no reasonable basis to find for Harrington on the question of negligence.

For the foregoing reasons, we AFFIRM the jury's verdict and deny plaintiffs' motion for a new trial.

A true Copy:

       Teste:

                                 _____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*