NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3291

| | |
|---|---|
| ALLEN PAYETTE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-cv-242-bbc |
| BOB DICKMAN and SETH WISKOW, *Defendants-Appellees.* | Barbara B. Crabb, *Judge*. |

**O R D E R**

Wisconsin inmate Allen Payette claimed that officials at Marathon County Jail in Wausau, Wisconsin, were deliberately indifferent to his serious mental health needs. A jury concluded otherwise. Payette appeals and we affirm.

Payette's suit under 42 U.S.C. § 1983 arises from his confinement between March and October 2006. As relevant here, we previously ruled that a trial was needed to resolve

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Payette's claim that jail administrator Bob Dickman and corrections supervisor Seth Wiskow deliberately refused to provide Payette with recommended mental health treatment. *See Payette v. Hoenisch*, 284 F. App'x 348 (7th Cir. 2008).

On remand, the district court held a two-day trial, which focused on whether Dickman and Wiskow deliberately ignored the health recommendations of any mental health professional. Payette testified that he was examined by a psychologist after he was hospitalized for swallowing a staple and other items from his cell. The psychologist noted that Payette denied being suicidal and presented no immediate threat of suicide. The psychologist recommended that, though in-patient care was not needed, Payette should remain in isolation at the jail on suicide watch. Payette returned to the jail the next day. In response to the psychologist's recommendation, Dickman promptly issued a memorandum requiring Payette to remain in restraints at all times except when using the toilet. Dickman also testified that, as the psychologist recommended, Payette remained in isolation during his last days of confinement at the jail, with a suicide watch at least part of the time and in restraints generally. Dickman further testified that he directed Wiskow to schedule an appointment for Payette with the crisis staff, who regularly met with inmates on Thursdays. Payette missed his appointment, though, because he was being treated off-site for swallowing a metal piece of the sink from his cell. Payette's appointment with the crisis staff was rescheduled for the following Thursday, but Payette was permanently transferred to state prison before then. The jail passed on the psychologist's recommendations when he was transferred to the state prison.

At the close of the trial, the jury found that although Payette had a serious mental health condition, neither Dickman nor Wiskow was deliberately indifferent to his needs. Payette, who was represented by counsel during pretrial proceedings and at trial, appeals both the trial verdict and his pro se posttrial motion for a new trial.

On appeal, Payette first challenges the admission of a partially unredacted copy of his prison intake psychological report, which refers to his conviction for first-degree sexual assault. The district court had previously barred any reference to that conviction, but the intake form shown in court and later submitted to the jury did contain unredacted references to the conviction. (At no point did any witness or counsel reference the convictions or call attention to their presence in the exhibit.) Payette's counsel never objected to the exhibit's content; the defendants noticed that the document was not fully redacted before it was sent to the jury room during deliberations and attempted to black out references to the conviction (though the defendants missed some). Payette's counsel was again given the opportunity to review the redactions before it was sent to the jury, but again made no objection. By failing to object to the exhibit after reviewing it, Payette waived any

objection to its admission or the redactions. *See King v. Harrington*, 447 F.3d 531, 533-34 (7th Cir. 2006) (holding that failure to object to redactions waives appellate review).

Payette next challenges the district court's decision barring any reference to administrative rules prohibiting the prolonged use of restraints. In our original opinion, we noted that the American Correctional Association, the Federal Bureau of Prisons, and the Wisconsin Department of Corrections require close medical supervision of prisoners placed in restraints for more than a brief time. *Payette*, 284 F. App'x at 352. But when the defendants moved to bar introduction of the codes, Payette did not object. Again, the failure to object at trial forfeits appellate review. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 610 (7th Cir. 2006).

Payette also argued in his pro se posttrial motion that the court should order a new trial because documents, which he contends are newly discovered, show that the defendants personally knew upon his return from the hospital that Payette needed immediate psychiatric treatment. But Payette's submission consists of documents that his counsel had in his possession during the trial. Even if Payette himself only discovered them after the trial, the records are not "newly discovered evidence" that would support a motion for a new trial because his counsel had these documents and submitted some in support of the summary judgment motions. *See Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008) (noting motions under Rule 59 cannot be used to present evidence that could have been presented prior to judgment); *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 852 (7th Cir. 2010) (holding that evidence is not newly discovered when counsel is aware of it); *Cato v. Thompson*, 118 F. App'x 93, 96 (7th Cir. 2004) (noting that lack of attorney diligence is not grounds for a new trial under Rule 59).

Payette next contends that these three errors—the failure to object to the admission of the unredacted exhibit, the acquiescence to the motion in limine, and the failure to follow up on the evidence Payette discovered after trial—demonstrate that his counsel's performance was deficient, and accordingly he has been denied the effective assistance of counsel. But Payette has no constitutional right to effective counsel in a civil suit, and so his claim would not warrant a new trial. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000).

Finally, Payette contends that the verdict should be reversed because it was against the weight of the evidence. We would reverse a judgment only if, viewing the evidence in the light most favorable to the prevailing side, no rational jury could have rendered the verdict. *Tate v. Executive Mgmt. Servs., Inc.*, 546 F.3d 528, 531-32 (7th Cir. 2008); *Walker v. Bd. of Regents of Univ. of Wis. Sys.*, 410 F.3d 387, 393 (7th Cir. 2005). But here there was a reasonable basis in the record to support the verdict: the defendants followed the doctor's

recommendations for isolation and suicide watch; they arranged for medical care after the suicide attempts; and they arranged for Payette to meet with mental health staff at the regular Thursday appointments; it was only because Payette needed off-site surgery for swallowing a piece of metal and he was later transferred out of Marathon County Jail that he did not attend the appointments. The defendants also acknowledged and provided documentation of Payette's condition and treatment when he was transferred to state prison. This evidence was sufficient for a rational jury to conclude that despite Payette's serious mental health issues, the defendants were not deliberately indifferent to his needs. Accordingly, we will not disturb the verdict.

AFFIRMED.