In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1915

SIDNEY COLLINS,

*Plaintiff-Appellant,*

*v.*

HUGHES LOCHARD,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 11-3086 — **Sue E. Myerscough**, *Judge.*

SUBMITTED JUNE 26, 2015[*] — DECIDED JULY 9, 2015

Before WOOD, *Chief Judge*, and FLAUM and HAMILTON,
*Circuit Judges*.

HAMILTON, *Circuit Judge*. Sidney Collins, a civil detainee
in Illinois, appeals an adverse jury verdict in his deliberate-
indifference suit under 42 U.S.C. § 1983 against Hughes
Lochard, a facility physician. Collins argues that the district

---

[*] After examining the briefs and record, we have concluded that oral
argument is unnecessary. Thus the appeal is submitted on the briefs and
record. See Fed. R. App. P. 34(a)(2)(C).

court should have declared a mistrial after Dr. Lochard violated a pretrial ruling by the court. He also challenges the strength of the evidence supporting the jury's verdict. We affirm.

Collins is now 68 years of age. He was convicted of rape in the mid-1980s. Upon expiration of his prison sentence in 2010, he was adjudicated a sexually violent person. Since then he has been detained at the Treatment and Detention Facility in Rushville, where Dr. Lochard is a physician. Collins suffers from a number of medical conditions—carpal-tunnel syndrome, pain in his hips and back lingering from past injuries, flat feet, and ligament damage in one foot—that, he says, prevent him from climbing to the top bunk in his cell. Collins had a low-bunk permit during his prior incarceration at a Department of Corrections facility. But Dr. Lochard refused his request to authorize a similar permit at Rushville, which is operated by the Illinois Department of Human Services. Unable to climb to the top bunk in his cell, Collins says, he was forced to sleep on the floor.

After sleeping on the floor for seven and a half months, Collins sued Dr. Lochard for deliberate indifference to his serious health needs, invoking the Fourteenth Amendment to the Constitution rather than the Eighth because he is a civil detainee. See *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). (Collins also sued two supervisors. The district court granted summary judgment for them because he produced no evidence that they were personally involved in any constitutional violation. Collins does not contest that ruling on appeal.)

Before trial Collins, proceeding pro se, successfully moved to exclude any reference to his three-decade old rape

conviction. Collins also convinced the court to reserve any ruling on whether, as Dr. Lochard proposed, to instruct the jury that Collins had been "convicted of a crime" and that his conviction was germane to the jury's analysis of his credibility. After that, clinical attorneys from the University of Illinois College of Law volunteered to represent Collins at trial.

During the two-day trial, only Collins and Dr. Lochard testified, addressing mainly Collins's carpal-tunnel syndrome. Collins testified that upon arriving at Rushville he informed Dr. Lochard of the numbness, tingling, and reduced grip strength he was experiencing in his left wrist and hand. He also testified that he routinely complained to Dr. Lochard about those symptoms, plus pain in his back and hips. To corroborate this testimony, he tendered notes from his medical record recounting his complaints. Despite these complaints, he did not get a low-bunk permit until a specialist diagnosed him with carpal-tunnel syndrome more than two years after he began complaining about his wrist. Collins's lawyers also decided to disclose to the jury that Collins had been convicted of an unspecified felony. Collins conceded, as well, that he regularly exercised by playing basketball, lifting weights, or running.

Dr. Lochard defended his treatment decisions. He acknowledged that Collins's symptoms were commonly associated with carpal-tunnel syndrome, but said that he understood Collins's request for a low-bunk pass to be based upon pain in his hips and back. His treatment of Collins's hip and back pain, Dr. Lochard asserted, was consistent with the treatment Collins received before arriving at Rushville. Based on Collins's complaints, Dr. Lochard said he initially

suspected that Collins's wrist pain might relate to a bout of shingles Collins had in 2004 or might be a side effect of medication Collins was taking for high cholesterol. But when it became clear that Collins might have carpal-tunnel syndrome, Dr. Lochard referred him to a neurologist.

Dr. Lochard also read and interpreted reports from Collins's medical file, including a report of his physical examination of Collins upon arrival at the Rushville facility. While reading his notes aloud for the jury, Dr. Lochard mentioned that Collins had been incarcerated for 26 years. Collins's lawyers immediately objected, and the court promised to give a curative instruction.

At the close of evidence, the court instructed the jury, as Dr. Lochard had requested, that it could consider Collins's felony conviction only for the purpose of determining whether Collins was credible, but added that the jury "may not consider the length of plaintiff's sentence in deciding whether plaintiff's testimony is truthful." The jury ultimately returned a verdict for Dr. Lochard. Collins filed no post-trial motions.

On appeal, Collins, again proceeding pro se, makes two arguments for reversal. He first argues that Dr. Lochard's remark about the length of his sentence was so prejudicial that no curative instruction could erase its effect on the trial. The only proper remedy, he argues, would have been for the judge to declare a mistrial *sua sponte*.

Collins's claim implies that there are circumstances in which a trial judge has a duty in a civil case to declare a mistrial even when no party has asked for it. We doubt that this is correct. If the party wounded by an evidentiary harpoon

or some other trial wrongdoing prefers to go forward with the trial rather than start over, it is hard to see why the judge should force a mistrial upon him. Even if we assumed for the sake of argument that a judge might have such a duty, she would surely enjoy broad discretion to conclude that a trial incident did not so infect the proceedings with unfairness that the only solution was to declare a mistrial that no party sought. See *Christmas v. City of Chicago*, 682 F.3d 632, 638 (7th Cir. 2012).

Here the judge concluded that a limiting instruction would suffice to cure any risk of prejudice. In the first place, we presume that the jury followed the court's directive and disregarded Lochard's remark. See *Wilson v. City of Chicago*, 758 F.3d 875, 884–85 (7th Cir. 2014). Moreover, the remark itself did not add much to the evidence: The jury already knew through Collins's own testimony that he had been convicted of a felony, that his medical issues dated back to 2002, and that for some time previously he had been a barber at his jail. The jury could already infer that he had spent a good deal longer than eight years in prison. Even if Collins had asked for a mistrial, the court would not have abused its discretion by denying it. There was no abuse of discretion in not declaring a mistrial that Collins did not request.

Collins next asserts that the jury's verdict is against the manifest weight of the evidence, both as a general matter and because he believes the documentary evidence in the record discredits Dr. Lochard's testimony. We cannot reach this issue. Collins did not preserve this argument in a post-trial motion under Federal Rule of Civil Procedure 50 for judgment as a matter of law. Without such a post-trial motion, the Supreme Court held in *Unitherm Food Systems, Inc.*

*v. Swift–Eckrich, Inc.*, 546 U.S. 394, 405 (2006), appellate courts are "powerless" to review challenges to the sufficiency of the evidence supporting a civil jury verdict. See also *Consumer Prods. Research & Design, Inc. v. Jensen*, 572 F.3d 436, 437–38 (7th Cir. 2009); *Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008).

Although we treat pro se filings liberally, even excusing technical mistakes when necessary to afford an uncounseled litigant a full and fair hearing, e.g., *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006), we cannot excuse Collins's omission here. We review the actions of judges, not juries, and the Federal Rules of Civil Procedure require civil litigants to speak up if they want a trial judge to resolve the factual sufficiency of a claim as a matter of law. See *Maxwell v. Dodd*, 662 F.3d 418, 420–21 (6th Cir. 2011). Because Collins did not ask the district judge to act, we have nothing to review.

AFFIRMED.