NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided December 22, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-2533

| | |
|---|---|
| MYRON J. KYKTA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 13-cv-50325 |
| JEFF CIACCIO and | |
| BOB BANDELIO JUANEZ, | Frederick J. Kapala, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Myron Kykta was found with drugs on his person and in his car after two deputy sheriffs from Winnebago County, Illinois, stopped and arrested him without a warrant. The deputies later turned up guns and more drugs when they searched Kykta's house without a warrant, and eventually he pleaded guilty in state court to possession of cannabis with intent to deliver, 720 ILCS 550/5(g), and unlawful use of a weapon by a felon, *id.* § 5/24-1.1(a). In this lawsuit under 42 U.S.C. § 1983, Kykta claims that the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

deputies arrested him and conducted the searches without probable cause, and that during the state criminal case they lied about their investigation. The district court granted the defendants' motion for judgment on the pleadings, *see* FED. R. CIV. P. 12(c), reasoning that, because of Kykta's guilty pleas, the doctrines of res judicata and collateral estoppel precluded his Fourth Amendment claim about his arrest and the searches. Moreover, the court continued, Kykta's assertion that the defendants had lied during the criminal case essentially was a claim for malicious prosecution. And that claim, the court reasoned, was not cognizable as a matter of federal constitutional law because Illinois provides an adequate tort remedy for malicious prosecution. We agree with the court's ruling on Kykta's claim of malicious prosecution, but we conclude that neither res judicata nor collateral estoppel bars the Fourth Amendment claim.

The defendants, Bob Juanez and Jeff Ciaccio, were waiting nearby in unmarked cars when Kykta drove away from his home one afternoon in October 2011. The defendants and other deputies stopped Kykta's car (for speeding and running a stop sign, they told Kykta), and Juanez ordered him out of the vehicle after saying that he smelled marijuana. When Kykta balked and tried to telephone his lawyer, the defendants forcibly removed him from the car, placed him under arrest for "resisting and obstructing," and searched Kykta and the vehicle. The deputies found cocaine in a shirt pocket and marijuana in the car. After then refusing to let Kykta call counsel, the defendants spent 40 minutes questioning him in the back of their squad car. Eventually he gave them written consent to search his home, but only after—says Kykta—they had threatened to get a warrant, kick in the door, arrest his fiancée, and place his newborn son in state custody. More marijuana and two guns were found in the house.

After Kykta was in custody, Deputy Juanez drafted a "probable cause statement" recounting the arrest. The parties don't say when that undated, unsigned document was prepared or how it was used, although the deputy might have prepared it for Kykta's bond hearing. Bond was set at $500,000, which Kykta was unable to post. He was indicted several weeks later.

In the criminal case Kykta, through counsel, moved to suppress the drugs and guns on the grounds that the deputies did not have probable cause to stop or arrest him, or probable cause to search him, his car, or his house. During a suppression hearing spanning many days, Deputies Juanez and Ciaccio essentially said that Kykta had come to their attention when an informant reported buying marijuana or cocaine from him on several occasions. The informant, they added, had supplied details about Kykta's car and also said that one of Kykta's current customers (whom the informant wouldn't

name) thought that Kykta was growing marijuana on rural property he owned in Rockton, Illinois. The deputies admittedly hadn't conducted any further investigation except for driving past Kykta's secluded property a few times (without seeing anything suspicious), so they enlisted the informant to place an order with Kykta for marijuana and stopped him after he left his property to make the delivery. The two deputies said nothing about the informant's reliability and conceded that they had not monitored any of the informant's conversations with Kykta, not even the call asking to buy marijuana. The deputies admitted that Kykta had said he wanted to call his lawyer, but they denied making threats to obtain consent to search his house. The trial judge never ruled on Kykta's motion, however, and after being held as a pretrial detainee for 27 months, Kykta accepted his attorney's advice that negotiating a plea agreement likely would lead to earlier release than if he waited for the judge to rule on the motion to suppress. Kykta withdrew his motion to suppress and pleaded guilty in January 2014, and he completed his prison sentence in October 2014.

Meanwhile, Kykta had filed this pro se lawsuit in October 2013. In addition to reasserting the Fourth Amendment claim from his motion to suppress, Kykta also claimed that Deputy Juanez had lied in the affidavit of probable cause about the precise time of his roadside detention, and that both deputies had testified falsely at the suppression hearing about several matters. In granting the Rule 12(c) motion, the district judge accepted the defendants' contention that Illinois courts would apply the affirmative defense of res judicata to bar Kykta's claim under the Fourth Amendment. (The judge added, on his own, that collateral estoppel, rather than res judicata, was the better analysis.) The judge reasoned that the criminal case had ended in a final judgment, the Fourth Amendment issues in the two cases are the same, and the deputies in this litigation are in privity with the State of Illinois. The district judge further concluded that Kykta could not maintain a claim that he was denied due process by the deputies' conduct after his arraignment, since Illinois provides a parallel tort remedy for malicious prosecution. *See Llovet v. City of Chicago*, 761 F.3d 759, 760–63 (7th Cir. 2014); *Johnson v. Saville*, 575 F.3d 656, 663 (7th Cir. 2009); *Bielanski v. Cnty of Kane*, 550 F.3d 632, 668 (7th Cir. 2008). The latter point plainly is correct, so we need not say more about Kykta's claim of malicious prosecution and focus instead on the district court's analysis of the Fourth Amendment claim.

On appeal Kykta essentially argues that the judgment in the criminal case is not preclusive because, he says, he did not have a full and fair opportunity to litigate his Fourth Amendment claim. The defendants read this as a concession that Kykta agrees with the district court's res judicata analysis but seeks an equitable exception. We reject

this narrow view of Kykta's appellate claim, and we also disagree with the district court's application of both res judicata and collateral estoppel. Illinois law governs our analysis, since the judgment sought to be given preclusive effect was rendered by an Illinois court. *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007).

We start with res judicata. That doctrine gives preclusive effect to a prior lawsuit if (1) a court of competent jurisdiction rendered a final judgment on the merits, (2) the new lawsuit involves the same "cause of action" as the old, and (3) there is an identity of parties or their privies between the suits. *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011). If these elements are met, the prior judgment will preclude even claims that could have been, but were not, litigated in the first suit. *Id*. Different claims will constitute the same "cause of action" if they "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998).

Two of these elements are not satisfied. The third element is not met because "courts do not generally consider an official sued in his personal capacity as being in privity with the government." *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir. 1988); *cf. Kanfer v. Busey Trust Co.*, 1 N.E.3d 61, 74 (Ill. App. Ct. 2013) ("A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.") (citing Restatement (Second) of Judgments § 36(2) (1982)). Indeed, the one decision applying Illinois law that is cited by the defendants and the district court, *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634–37 (7th Cir. 2004), simply concluded that a municipal employee sued in his *official* capacity was in privity with the city, and we have not located any decision finding privity with the employer when someone working for a state or municipal agency in Illinois was sued in his *individual* capacity. What's more, neither is the second element satisfied because Kykta's suit under § 1983 does not present the same cause of action as the criminal case. "A prosecution and a claim for a civil remedy are regarded as separate causes of action that may be independently pursued without the restrictions imposed by [claim preclusion]." Restatement (Second) of Judgments § 85 cmt. a (1982); *see Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1017–18 (7th Cir. 2014) ("Illinois looks to the Restatement (Second) of Judgments to assess when it may be inequitable to apply claim preclusion.").

The deputies do not defend the district court's further assertion that Kykta's guilty pleas also have preclusive effect under the doctrine of collateral estoppel. That affirmative defense, unlike res judicata, may preclude relitigation of matters decided in

an earlier suit which presented a different cause of action. *See Jones v. City of Alton*, 757 F.2d 878, 883–85 (7th Cir. 1985); *Cook County v. Midcon Corporation*, 773 F.2d 892, 898–99, 903–04 (7th Cir. 1985). Thus, depending on the law of the state that rendered it, a judgment in a criminal case might bar a plaintiff in a later § 1983 suit from relitigating some issues decided in the criminal proceeding. *See Allen v. McCurry*, 449 U.S. 411, 414–18 (1980); *Guenther v. Holmgreen*, 738 F.2d 879, 882–85 (7th Cir. 1984).

In Illinois the doctrine of collateral estoppel requires that "(1) the issue decided in the prior adjudication be identical to the issue presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997); *accord Wozniak v. DuPage Cnty*, 845 F.2d 677, 682–83 (7th Cir. 1998). If these threshold elements are met, Illinois additionally requires that "a decision on the issue must have been *necessary for the judgment* in the first litigation, and the person to be bound must have actually litigated the issue in the first suit." *Talarico*, 685 N.E.2d at 328 (emphasis added). The party invoking preclusion must show that the opponent had both a full and fair opportunity and an adequate incentive to litigate, and that no unfairness would result; the doctrine is "used sparingly, on a case-by-case basis, and only when equity requires." *See id.* at 328–32 (applying Illinois law in concluding that plaintiff in civil action was not precluded by guilty plea based on same factual allegations and discussing how incentive to litigate may be absent if criminal case is resolved by negotiating guilty plea); *see also Wells v. Coker*, 707 F.3d 756, 761–62 (7th Cir. 2013) (applying Illinois law in concluding that § 1983 plaintiff was not precluded from alleging facts contrary to stipulations in factual basis for guilty plea because stipulations were "not controlling or necessary to the disposition").

Under this analysis Kykta's guilty pleas do not preclude his Fourth Amendment claim, regardless that he filed and later withdrew a motion to suppress. The legality of Kykta's initial detention and the searches that followed are "entirely irrelevant" to his guilty pleas, which, consequently, cannot preclude Kykta's suit claiming a Fourth Amendment violation. *See Haring v. Prosise*, 462 U.S. 304, 316 (1983) (applying parallel Virginia law). Indeed, we have explained that *Haring* and *Allen* "hold that a criminal conviction does not bar civil search and seizure claims under principles of preclusion (collateral estoppel or res judicata)" precisely because "a search can be unlawful but the conviction entirely proper, or the reverse." *Gonzalez v. Entress*, 133 F.3d 551, 553–54 (7th Cir. 1998). The legality of the investigatory conduct that Kykta challenges was never determined given that his motion to suppress languished for more than two years, and,

more importantly, the merits of his Fourth Amendment claim could not have been *necessarily* determined by the criminal judgment because that judgment rests solely on his guilty pleas. *See Wells*, 707 F.3d at 762.

In sum, the defendants did not establish that Kykta's guilty pleas have any preclusive effect on his Fourth Amendment claim. The dismissal of Kykta's claim for malicious prosecution is AFFIRMED, but the dismissal of his Fourth Amendment claim is VACATED, and the case is REMANDED for further proceedings consistent with this order.