**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2017[*]
Decided August 21, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2029

| | |
|---|---|
| DENNIS SCOTT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 3:13-cv-03157 |
| TRAVIS SMITH and RYAN KERR, *Defendants-Appellees.* | Harold A. Baker, *Judge.* |

**O R D E R**

Dennis Scott, a civil detainee in Illinois, appeals from an adverse jury verdict in his suit claiming that two employees at the Rushville Treatment and Detention Facility were deliberately indifferent to his need for dialysis. *See* 42 U.S.C. § 1983. Scott challenges the strength of the evidence supporting the verdict.

We restate the trial evidence in favor of the prevailing parties. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 849 (7th Cir. 2014). Scott requires dialysis

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for end-stage renal disease, a failure of his kidneys to remove toxins and excess fluid normally excreted through urine. Without dialysis, Scott would experience gradual buildup of waste and fluid, leading to high blood pressure and eventually death.

Rushville employs a nurse who, since August 2012, has administered dialysis to Scott on Mondays, Wednesdays, and Fridays. The nurse decides when to provide dialysis. Most times she started Scott's dialysis between 5:00 and 5:15 a.m. A staff member, at the nurse's direction, would summon Scott to the infirmary. He could decline treatment and wait for his next opportunity for dialysis, which he had done six times in late 2012. First, he refused dialysis on a Monday in November because the nurse wanted to start early, and then he declined again that Wednesday. Scott refused a third time that month because the nurse decided not to apply a numbing cream to his arm before inserting the dialysis needle. He skipped treatment two more times in December, leading Rushville administrators to call a special meeting to discuss Scott. After that meeting the nurse offered Scott immediate dialysis, but he declined because the time did not suit him.

The events underlying this action occurred on a Monday in March 2013. That day the nurse arrived about three hours late because of a snow storm. She alerted the staff member on duty, Travis Smith, that she was ready for Scott and he had ten minutes to report for dialysis. Smith informed Scott, and when Scott arrived, Smith said he was late and had missed his chance. Scott responded by suing Smith and his supervisor, Ryan Kerr, claiming they had denied him due process by deliberately ignoring his need for dialysis on that single March day.

At a one-day trial, Scott, Smith, Kerr, the nurse, and Rushville's physician all testified. Scott insisted that he reported to Smith "about three seconds" after being called. And when he arrived, Scott said, he was having difficulty breathing, his face was puffy, and he was nearly immobile because of his need for dialysis. Scott denied that any rule requires him to report within 10 minutes of being called for dialysis. And, he added, he later complained to supervisor Kerr but was brushed off. Until his next dialysis session his breathing remained labored and eventually he could not walk.

Smith contradicted this testimony, and Kerr said he could not recall speaking to Scott that day. According to Smith, the nurse had told him that Scott must report for dialysis within 10 minutes of being called, yet he was 10 to 20 minutes late. And, Smith continued, Scott did not have a puffy face or appear to be having difficulty breathing.

Rushville's physician testified that the day after this incident he treated Scott for an unrelated foot wound. Scott's blood pressure was not elevated, and he was not having shortness of breath or difficulty walking. The doctor opined that missing one dialysis treatment would not have resulted in pain or permanent harm, even though five days had elapsed between sessions. The nurse confirmed that at the December 2012 meeting Rushville staff had set a rule—which Scott understood—that he would be deemed to have refused treatment if he did not report for dialysis within 10 minutes of being summoned. She testified that on Wednesday, two days after the missed session, Scott received dialysis as usual. She did not notice Scott having difficulty breathing or walking. He probably did have some swelling, she said, because that day she withdrew 7 kilograms of excess fluid, though that amount still was less than the 8 to 10 kilograms she had removed on other occasions.

Scott is not represented on appeal, and although the defendants have read his brief generously, we see just one developed contention: that the verdict in favor of Smith and Kerr is against the manifest weight of the evidence. Scott says that Smith could not have relied on a nonexistent 10-minute rule, and that Kerr lied when he denied remembering talking to him about the missed dialysis session. Yet Scott never made this argument before or after the verdict in a motion for judgment as a matter of law. *See* FED. R. CIV. P. 50(a), 50(b). For that reason we are "'powerless' to review" his challenge to the sufficiency of the evidence. *See Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 405 (2006); *Collins v. Lochard*, 792 F.3d 828, 831 (7th Cir. 2015). Moreover, even if Scott had preserved this issue for our review, we would not set aside the jury's verdict. He needed to demonstrate that the verdict lacks a "legally sufficient evidentiary basis," *see Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008), but ample evidence supports the conclusion that Smith and Kerr were not deliberately indifferent.

AFFIRMED.