# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2020[*]
Decided July 8, 2020

***Before***

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3412

| | |
|---|---|
| MYRON KYKTA, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Western Division. |
|     *v.* | |
| | No. 3:13-cv-50325 |
| JEFF CIACCIO, et al., | |
|     *Defendants-Appellees*. | Thomas M. Durkin, |
| | *Judge*. |

## O R D E R

Myron Kykta asks us to overturn a jury's verdict in favor of two sheriff's deputies whom he sued under 42 U.S.C. § 1983 for violating the Fourth Amendment by allegedly stopping and searching his car without adequate justification. Because we are unable to review Mr. Kykta's challenge to the jury's verdict and because his other argument on appeal—that his recruited counsel was ineffective—lacks merit, we affirm.

---

[*] We have agreed to decide this case on the briefs because oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

This case has a long history. It began in 2011, when deputies Bob Bandelio Juanez and Jeff Ciaccio of the Winnebago County Sheriff's Department performed a traffic stop of Mr. Kykta's car and, after searching it and him, found cocaine and marijuana. *Kykta v. Ciaccio*, 633 F. App'x 340, 342 (7th Cir. 2015). The deputies then obtained Mr. Kykta's consent to search his home, where they discovered a marijuana-growing operation. *Id.* During the ensuing state criminal prosecution, Mr. Kykta moved to suppress all evidence obtained after the stop, but then, on the advice of counsel, he pleaded guilty before the district court ruled on the motion. *Id.*

Before changing his plea, however, Mr. Kykta filed a pro se civil-rights complaint in federal court, alleging, among other things, that the deputies had violated the Fourth Amendment when they stopped him, searched him and his car, arrested him, and then searched his residence. *Id.* The district court entered judgment on the pleadings for the deputies, concluding that res judicata and collateral estoppel precluded Mr. Kykta's claim because he had pleaded guilty. *Id.* at 343. We disagreed, vacated the dismissal, and remanded for further proceedings. *Id.* at 344–45.

The district court recruited counsel for Mr. Kykta, and the case proceeded to trial. Mr. Kykta maintains that, at trial, he testified that he did not commit any traffic violations, so the deputies had no grounds to stop him.[1] The deputies, however, both testified that they observed Mr. Kykta speeding. Deputy Juanez also smelled marijuana when he approached Mr. Kykta's car; Deputy Ciaccio did not. Further, Deputy Juanez testified that he had received a tip from a confidential informant that Mr. Kykta was selling drugs. The jury returned a verdict for the defendants.

Mr. Kykta appeals. First, he asks that we vacate the judgment because the jury's verdict is against the manifest weight of the evidence. *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006). He contends that the jury should have credited his evidence over the defendants' because theirs was misleading, implausible, and uncorroborated.

As the appellees point out, however, Mr. Kykta has not provided a trial transcript, as required when raising such an argument on appeal. Federal Rule of Appellate Procedure 10(b)(2) provides: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Without a transcript, we are unable to evaluate the evidence, and

---

[1] For the purpose of background, we summarize the discussion in the parties' briefs about the trial testimony. Without a transcript, however, we do not endorse any party's version of what occurred at trial.

therefore we cannot conduct a meaningful review of Mr. Kykta's arguments. *See Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011).

There is an exception; under Rule 10(c), an appellant "may prepare a statement of the evidence or proceedings from the best available means" if a record is "unavailable." Mr. Kykta asserts that the transcript is "unavailable" under Rule 10(c) because he cannot afford to have it prepared. Indeed, Mr. Kykta petitioned the district court to waive the cost of preparing transcripts because he was unable to afford it. The district court never ruled on Mr. Kykta's request, however.

We considered remanding this matter to the district court to permit it to act on Mr. Kykta's petition, but we decline to follow that course of action because it would be futile. The district court could grant Mr. Kykta's request only if it could "certif[y] that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). It could not do so because, even with a transcript, Mr. Kykta could not prevail on his appeal. Mr. Kykta did not preserve his argument that the jury's verdict is against the manifest weight of the evidence in a timely post-trial motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. Without such a motion, our court is "'powerless'" to review his challenge to the sufficiency of the evidence. *See Collins v. Lochard*, 792 F.3d 828, 831 (7th Cir. 2015) (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006)). Although Mr. Kykta proceeded pro se after trial, and we therefore must treat his filings liberally, we cannot excuse his omission. "We review the actions of judges, not juries, and the Federal Rules of Civil Procedure require civil litigants to speak up if they want a trial judge to resolve the factual sufficiency of a claim as a matter of law." *Collins*, 792 F.3d at 831. Because Mr. Kykta did not ask the district judge to examine the verdict, we would have no ruling to review even if the appeal returned to us with a trial transcript, and therefore we need not wait for the district court to act on Mr. Kykta's petition.

Mr. Kykta also argues that his court-recruited trial attorneys were ineffective because they failed to present to the jury all of the evidence that he provided to them. We have no record on which we could conclude that the attorneys performed defectively in any way, but, more fundamentally, Mr. Kykta had no constitutional or statutory right to court-recruited counsel in this case. 28 U.S.C. § 1915(e)(1) (court "may request" counsel to assist indigent civil litigants pro bono); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (stating that "[t]here is no constitutional or statutory right to counsel in federal civil cases"). "The proper remedy for inadequate representation in a civil case lies not in dragging the opposing party through another trial, but rather in a

malpractice action against the offending attorney." *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

The judgment of the district court is affirmed.